**Jeffrey L. RICHIE, Petitioner–Appellant,**

v.

**Robert LAMPERT, Superintendent, Respondent–Appellee.**

No. 05–36068.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2006.[*]

Filed Jan. 8, 2007.

Jeffrey L. Richie, Salem, OR, pro se.

Lynn David Larsen, Esq., Douglas Park, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM [**]

Jeffrey L. Richie (Richie) appeals pro se the district court's dismissal of his petition for habeas corpus brought under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Richie alleged unconstitutional deferral of the date of his eligibility for parole. While this appeal was pending, Richie was released on parole.

The respondent contends that mootness bars review of Richie's appeal. Richie contends that his appeal is not moot because he was injured by the alleged unconstitutional deferral of release in 2000, and he contends that we can fashion a remedy by deducting time from his maximum parole period. Richie's underlying conviction, however, determines the maximum parole duration in Oregon. *See Barnes v. Thompson,* 159 Or.App. 383, 977 P.2d 431, 432 (1999). The validity of Richie's conviction is not before us. The injury for which Richie seeks a remedy, therefore, cannot be redressed by this court.

Accordingly, we conclude that Richie's appeal is moot. *See Burnett v. Lampert,* 432 F.3d 996, 1000–01 (9th Cir.2005).

**APPEAL DISMISSED.**